PER CURIAM.
We reverse the trial court’s summary judgment that the defect in defendant’s goods and services, about which plaintiffs complain, was so obvious as to discharge this contractor from liability. From the facts presented in this record, we conclude that plaintiffs presented a factual dispute as to whether the defect was latent, in which case defendant could be liable. See Slavin v. Kay, 108 So.2d 462 (Fla.1958) (building contractor not liable for injuries to third parties after acceptance of improvement by owner unless defect is latent); Kala Investments, Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA), rev. denied, 551 So.2d 460 (Fla.1989) (whether defective nature of condition was obvious to third party exercising reasonable care is question of fact for jury).
We do not believe, for example, that the new owners’ knowledge of the presence of *147 the boards on the tree necessarily means as a matter of law that they also knew or should have known that the boards had been so insecurely attached as to be a danger to one seeking to remove them, as they allege. In fact, defendant’s principal testified that a homeowner would not likely recognize that with the passage of time the nails holding the boards might easily come out. We remand for a trial on the issues.
REVERSED.
HERSEY, GUNTHER and FARMER, JJ., concur.